940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas ROBINSON, Plaintiff-Appellant,
v.
The PLAIN DEALER, Roma Kassarba, Associated Press Wire
Service; Kristi Umbreit, Defendants-Appellees.
 No. 91-3189.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1991.
 
 Before MERRITT, Chief Judge, KEITH, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Thomas Robinson, a pro se Ohio citizen, appeals from the district court's order dismissing his action for slander, conspiracy, and racial discrimination. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P 34(a).
 
 
 2
 Seeking damages, Robinson sued The Cleveland Plain Dealer newspaper, the Associated Press wire service, and one employee of each, (Kassarba and Unbriet) respectively. He asserted that defendants violated his rights under the equal protection clause, Title VII of the Civil Rights Act of 1964, and the first and eighth amendments of the United States Constitution when they wrote an inaccurate news article about him on, or about, June 25, 1990. He contended that the defendants distorted data and printed a slanderous, one-sided article.
 
 
 3
 The action was originally commenced on June 28, 1990, in the Court of Common Pleas of Stark County, Ohio. On July 26, 1990, the defendants removed the action to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. Sec. 1446. After a review in light of Robinson's objections, the district court adopted the magistrate's report and recommendation and dismissed the case pursuant to Fed.R.Civ.P. 12(b)(6), finding that Robinson could prove no set of facts consistent with his allegations that would entitle him to relief. Robinson has filed a timely appeal, asserting: (1) that the matter was improperly removed from state to federal court; (2) that the district court erred in referring the matter to a magistrate; and (3) that the district court erred in granting the defendants' motion to dismiss. In addition, Robinson has requested the appointment of counsel and a transcript at government expense in his brief on appeal.
 
 
 4
 Upon de novo review, we conclude that the case was removable to federal court and was timely removed, see 28 U.S.C. Secs. 1441(a), 1446(b) and (d), and that the reference of the case to the magistrate was in accordance with the applicable law, see 28 U.S.C. Sec. 636. Moreover, after construing the complaint in the light most favorable to Robinson, we conclude that Robinson could prove no set of facts in support of his claims that would entitle him to relief. See Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 5
 Accordingly, the requests for counsel and a transcript at government expense are hereby denied; and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.